

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-4-2002

# In Re Charter

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-3516

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"In Re Charter " (2002). *2002 Decisions.* Paper 323.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/323

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 00-3516

———————

IN RE: CHARTER BEHAVIORAL HEALTH SYSTEMS, LLC,
Debtor

OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
Appellant
v.

CHASE MANHATTAN BANK, as Collateral Agent; and
Crescent Real Estate Funding VII, L.P.

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

(D.C. Civil No. 00-cv-00989)
District Judge:  The Honorable Roderick R. McKelvie

———————

Submitted Under Third Circuit LAR 34.1(a)
May 6, 2002

BEFORE: NYGAARD, ALITO, and ROSENN, Circuit Judges.

(Filed:  June 3, 2002)

———————

OPINION OF THE COURT
———————

NYGAARD, Circuit Judge.

        This appeal arises out of a Chapter 11 Bankruptcy involving the
Debtors, Charter Behavioral Health System, LLC, et al. ("Charter"), former owners of in-
patient psychiatric hospitals.  In this appeal, a committee of unsecured creditors is
challenging the District Court's order allowing Charter to assume and assign certain
executory contracts involving Medicare and the sale of some of Charter's hospitals.  We
find this appeal moot under 11 U.S.C.   363(m).

        The parties are familiar with the facts of this case.  As a result, we will
provide only a brief summary of those facts at the outset and will incorporate additional
facts as they are relevant to our discussion of the issues.

        Charter owned and managed in-patient psychiatric hospitals which
provided services to some of its patients at some of its hospitals pursuant to Medicare
Provider Agreements.  Charter filed voluntary petitions for relief under Chapter 11 of the

Bankruptcy Code on three separate dates in the year 2000.  On July 25, 2000, in order to sell some of its hospitals, Charter filed a Motion for Authority to Assume and Assign Medicare Provider Agreements and For Establishment of Cure Amounts.  These sales were conditioned upon the assumption and assignment, to the purchasers, of the Medicare Provider Agreements associated with such facilities, free and clear of any claims by the United States Department of Health and Human Services.   Charter and HHS reached a settlement as to the cure amount, and in connection with the payment of the $7 million portion of the cure amount, HHS agreed to waive its rights to successor liability against the purchasers of the facilities.  The Settlement Agreement was approved by the District Court, the $7 million was paid to HHS, and the Medicare Provider Agreements were assumed and assigned.

Appellant, the Official Committee of Unsecured Creditors, raises two issues on appeal:

> 1.    Whether the District Court erred when it authorized Charter to pay claims to the United States that did not arise under the contracts to be assumed.

> 2.    Whether the District Court erred when it approved a settlement agreement between the Debtors and the United States because it did not have sufficient information to make an independent determination about the settlement.

In response, Charter and the Government filed motions to dismiss, claiming that this appeal is moot under 11 U.S.C.   363(m) and the doctrine of equitable, or prudential mootness.

We do not reach Appellant's issues because this appeal is statutorily moot under 11 U.S.C.   363(m), which provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

In Cinicola v. Scharffenberger, 248 F.3d 110 (3d Cir. 2001), we formulated a two-prong test for mootness under   363(m): (1) whether the order was stayed pending appeal; and (2) whether vacation of the order would affect the validity of the sale.  Id. at 128 (citing Krebs Chrysler-Plymouth v. Valley Motors, Inc., 141 F.3d 490, 499 (3d Cir. 1998).  In this case, Appellants did not seek a stay and the only issue is whether vacation of the Assignment Order would affect the validity of the sales.  We find that it would.

In Krebs, we looked to the remedies suggested by the appellant to determine whether such remedies would affect the validity of the underlying sale.  Krebs, 141 F.3d at 499.  Here, as in Krebs, any remedy sought by the Appellant would be impermissible under   363(m).  Vacation of the Assignment Order would undo the assignment of the Medicare Provider Agreements and revive the Government's rights against Charter's assignees and thus have a serious and detrimental impact on the underlying sale of Charter's assets.  Any reversal or modification of the order authorizing Charter's assumption and assignment of the Provider Agreements free of successor liability would undermine the validity of: (1) the Settlement Agreement, (2) the transfer of the Provider Agreements, and (3) the sales of the Operating Assets.

In sum, we find this appeal statutorily moot.

TO THE CLERK:

Please file the foregoing opinion.


S/S     Richard L. Nygaard
Circuit Judge